51 F.3d 274
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony T. WARNER, Plaintiff-Appellant,
v.
Terry J. COLLINS, et al., Defendants-Appellees.
 No. 94-3872.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1995.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges; and MILES, District Judge.*
 
 ORDER
 
 2
 Anthony T. Warner, a pro se Ohio prisoner, appeals the summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The undisputed facts are set forth in the district court's memorandum and order and will not be repeated here. Suffice it to say that Warner claimed he was denied due process during a Rules Infraction Board (RIB) hearing, and that he was improperly placed in disciplinary housing prior to a hearing to determine whether he had committed the offenses with which he was charged. He also claimed various violations of the Ohio Administrative Code. He sought declaratory, injunctive and monetary relief, and sued the defendants in their individual and official capacities. By order filed July 18, 1994, the district court granted the defendants' motion for summary judgment but denied Warner's motion for summary judgment.
 
 
 4
 Upon review, we affirm the district court's order because there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); see LaPoint v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 5
 Summary judgment was proper insofar as Warner claimed that his right to procedural due process was violated when he was placed in disciplinary segregation prior to a hearing to determine whether he had committed the offenses with which he was charged. The Due Process Clause of the Fourteenth Amendment does not provide an inmate with a protected interest in remaining in a prison's general population. However, state regulations may create liberty interests which require a due process proceeding. See Hewitt v. Helms, 459 U.S. 460, 469 (1983). Such a liberty interest is created where the regulation uses mandatory language in connection with specific substantive predicates, that particularly restrict official discretion if the substantive predicate is met. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989).
 
 
 6
 Warner maintained that Ohio law and the practice of the Lorain Correctional Institute required that he be confined to disciplinary segregation only after a determination by the RIB that he committed a violation of institutional rules. Assuming this is true, Warner offered no evidence that this rule was violated when he was placed in segregation prior to the disciplinary hearing. The fact that he was confined in the area of the prison designated as the "disciplinary control range" is irrelevant here since there is no indication that the reason for Warner's placement in the disciplinary control range was subsumed beneath a punitive intent. Cf. Woodson v. Lack, 865 F.2d 107, 109-10 (6th Cir.1989). The undisputed affidavit of the reporting officer indicates that Warner retained full privileges while in segregation during this time. Warner offered no evidence which would tend to suggest a distinction between "security control range" and "disciplinary control range" other than the degree of privileges afforded inmates confined in each. Therefore, Warner was not denied due process when he was placed in administrative segregation prior to his disciplinary hearing.
 
 
 7
 Warner argues that summary judgment was improper because the district court relied on averments in defendant Shewalter's affidavit which he made allegedly without personal knowledge. Warner's argument lacks merit. It was not defendant Shewalter's burden to establish by affidavit or other evidence that Warner received these privileges. Rather, it was Warner's burden to show a genuine dispute as to whether he was deprived of a liberty interest without due process. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 8
 With or without defendant Shewalter's affidavit, the defendants identified for the court that Warner received full privileges while confined on the disciplinary control range, and that there could be no genuine dispute that he did not suffer a constitutional deprivation. Warner offered no evidence to suggest that he received less than full privileges while confined on the disciplinary control range.
 
 
 9
 Contrary to Warner's claim, the affidavits of inmates Reginald Williams and Gus Bellamy do not preclude summary judgment because they do not speak to a material issue. The reason Warner was placed in a cell in the disciplinary control range is immaterial to the issues raised in this case. So long as Warner received all the privileges he would enjoy if confined in the security control range, he suffered no deprivation of a liberty or property interest as a result of his confinement in the disciplinary control range. Nothing in the affidavits of these inmates suggests that Warner failed to receive all privileges to which he was entitled. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (original emphasis).
 
 
 10
 Finally, the district court's denial of Warner's discovery motion was within the court's considerable discretion. See Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir.), cert. denied, 454 U.S. 893 (1981). Even if Warner had received copies of the housing logs and they showed that the security control range was not full, summary judgment would still be proper. There is no genuine dispute that Warner received all the privileges to which he was entitled even though he was confined in the disciplinary control range. His confinement there caused him no constitutional deprivation, and evidence challenging the reason he was placed there was not material.
 
 
 11
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation